In re PREMIER SPORTS
TOURS d/b/a Premier
Charters, Debtor.

R. Jay Harpley, Chapter 7 Trustee,

v.

Five Star Tickets, Inc., Defendant.

Bankruptcy No. 01–6162–8P7.
Adversary No. 01–868.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 24, 2002.

Steven M. Berman, Tampa, FL, for Debtor.

Ralph Jay Harpley, Tampa, FL, Chapter 7 Trustee.

Curren K. Porto, Tampa, FL, for Defendant.

### ORDER GRANTING MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

(Doc. No. 26)

The genesis of the present matter under consideration is a Final Judgment entered by this Court initially on February 11, 2002 in favor of the Plaintiff, R. Jay Harpley, the Chapter 7 Trustee of the estate of Premier Sports Tours, Inc. d/b/a Premier Charters (Debtor) and against Five Star Tickets, Inc. (Five Star). On April 17, 2002, this Court entered its final money judgment awarding the sum of $75,000 in favor of the Trustee and against Five Star.

On May 3, 2002, the Trustee filed Motion for Writ of Garnishment and on May 14, 2002, this Court entered an Order granting the Motion for Writ. On the same date, the Clerk of this Court issued the Writ against the defendant, Five Star, and the garnishee, Corus Bank, N.A. (Garnishee). Thereafter, the Order and Writ was served on the Garnishee. On June 13, 2002, the Garnishee served its Answer to the Writ and admitted in its Answer that it was holding the sum of $45,931.40, in the checking account maintained for Five Star by the Garnishee. On June 21, 2002, Five Star filed a Motion to Dissolve the Writ of Garnishment. The Motion was heard in due course and was taken under advisement by this Court pending receipt of authorities in support of and in opposition to the Motion to Dissolve the Writ.

After filing the Motion to Dissolve the Writ in this Court, which was still *sub judice,* on July 12, 2002, Five Star, through its attorney of record, Jeffery J. Levine, filed an *ex parte* Emergency Complaint for Declaratory Action to Quash Writ of Garnishment (Complaint) in the United States District Court, for Northern District of Illinois, Eastern Division (Illinois District Court). The Complaint named R. Jay Harpley, the Trustee of the Debtor's estate as the defendant. On July 15, 2002, counsel for the Trustee received a telephone call from the Honorable Wayne Anderson, United States District Court Judge, who indicated to counsel that he would defer the decision of the Complaint to the Honorable James Alesia, also a United States District Court Judge, who handled "emergency" hearings.

Neither the Complaint nor the Summons was ever served on the Trustee. It is without dispute that Five Star did not obtain leave from this Court to institute a lawsuit against the Trustee. Counsel for the Trustee attempted to obtain leave to participate at the hearing telephonically; however, this request was denied. On July 15, 2002, counsel for the Trustee sent a letter to Mr. Levine and Curan Porto, the local attorney who originally argued the Motion to Dissolve the Writ before this Court. In his letter, counsel for the Trustee put Mr. Levine on notice that the funds involved in the controversy were property of the estate and if Five Star or its counsel attempted to take any action with respect to the funds, including going forward with

the hearing before the Illinois District Court, he would immediately file an action for equitable and injunctive relief, including contempt for willful violation of the automatic stay.

It appears that notwithstanding the letter by the Trustee, on July 16, 2002, Mr. Levine proceeded with the hearing. On July 16, 2002, Judge Alesia entered a "Minute Order" on a form used by the Illinois District Court in which item 10 was marked, which reads that "plaintiff's emergency complaint for declaratory action to quash the writ of garnishment is granted subject to a $45,000 surety bond being posted."

As a result of the "Minute Order," counsel for the Trustee filed this Emergency Motion for Contempt. Local counsel for Five Star, in defense of the contempt charges, argues that since the Illinois District Court required Five Star to post a surety bond in the amount of $45,000, the funds are not in "jeopardy" and therefore, it would be inappropriate to punish Five Star for filing the Complaint in Illinois.

■ The opposing proposition as argued by counsel for the Trustee is threefold. First, the funds held by the Garnishee are in excess of $45,000, and unless the Writ remains in place, the balance of the funds would be placed in jeopardy. Second, it is improper to put the estate through the additional expense to litigate the validity of the Writ and to proceed against the bond if posted. Third, to sue the Trustee without leave from this Court is a gross and patent violation of federal common law known as the *Barton* Doctrine, that is, in order to sue a trustee or other bankruptcy-court-appointed officer for acts done in the actor's official capacity, one must first obtain leave from the bankruptcy court. *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir.2000).

■ Considering the last proposition first, it is clear that naming the Trustee, as a defendant in a lawsuit, was improper and the Trustee must be dismissed as a defendant, and in turn, since there is no party defendant remaining, the lawsuit will have to be dismissed with prejudice. This leads to the next question of whether or not the filing of the lawsuit in Illinois was a willful violation of the automatic stay, and if so, what would be the appropriate sanction to impose on Five Star. And, finally, if it did violate the stay, is it possible for Five Star to purge itself of the civil contempt and if so, how.

■ In answer to the first question, this Court has already ruled that it was impermissible to sue the Trustee without leave of this Court. Concerning the second question, this Court is equally satisfied that the funds on deposit are property of the estate within the meaning of 11 U.S.C. § 541(a). Next, the filing of the lawsuit in Illinois was a clear attempt to exercise control over property of the estate, which was protected by the automatic stay. 11 U.S.C. § 362(a)(3) provides that the filing of a Petition will stay any act to obtain possession of property of the estate or to exercise control over property of the estate.

This record leaves no doubt that filing a complaint in Illinois is a willful and knowing violation of the automatic stay, especially in light of the fact that counsel for the Trustee put Mr. Levine on notice that if he did proceed with the hearing, counsel for the estate would seek contempt against Mr. Levine. This Court is equally satisfied that naming the Trustee as a defendant was not an oversight, and was a willful and knowing act. And, with a combination of both, this Court is constrained to conclude that Mr. Levine and Five Star are in civil contempt of this Court. Under the facts established by the record, this

Court is also constrained to reject the proposition urged by local counsel for Five Star that the estate will not suffer any harm if Five Star posts a surety bond. This proposition is a total *non sequitur* and is of no consequence concerning the issue of contempt.

Counsel for the Trustee seeks monetary compensation for attorneys' fees that the estate was required to expend in connection with the Illinois proceeding. Counsel for the Trustee also seeks an order directing Mr. Levine to dismiss the Complaint filed in Illinois forthwith and with prejudice. If Mr. Levine complies, as indicated he would, this would only partially purge him with contempt for filing the lawsuit. The willful and knowingly filing of a lawsuit in violation of the automatic stay still justifies the imposition of sanctions to compensate the estate for additional expenses the estate incurred for attorneys' fees in connection with the Illinois litigation.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Emergency Motion for Contempt be, and the same is hereby, granted. Mr. Levine shall forthwith dismiss the lawsuit in Illinois with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the estate be, and the same is hereby, awarded the sum of $3,500 as sanctions for civil contempt, which shall be paid within thirty (30) days from the date of the entry of this Order.